UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

Dixie Motors, L.L.C. d/b/a                    No.
Dixie RV Superstores,

      v.                                    Section:

Motor Home Specialist, L.P. and
Motor Home Specialist                         Magistrate:
Management, L.L.C.

**Complaint**

The complaint of Dixie Motors, L.L.C. d/b/a Dixie RV Superstores, a Louisiana limited liability company, respectfully represents:

**Parties**

1.

Plaintiff is a limited liability company organized under the laws of the State of Louisiana and domiciled in Tangipahoa Parish, Louisiana.

2.

Made defendant is Motor Home Specialist, L.P., a Texas limited partnership, who upon information and belief is the entity that owns all products owned and sold by Motor Home Specialist, whose website is also www.mhsrv.com. Motor Home Specialist, L.P. is the successor entity to Motor Home Specialists, Inc.

3.

Made defendant is Motor Home Specialist Management, L.L.C., a Texas limited liability company, who upon information and belief is the entity responsible for managing and operating all services and sales of

products owned and sold by Motor Home Specialist, whose website is www.mhsrv.com.

4.

Also made defendant are unnamed co-conspirators who conspired with Defendants to act in violation of federal and state laws.

## Jurisdiction and Venue

5.

This Court has jurisdiction under 28 USC 1331; 28 USC 1332; and 28 USC 1367.

6.

This court is a proper venue under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in the Eastern District of Louisiana. A substantial part of the property that is the subject of the action is in Tangipahoa Parish, Louisiana.

7.

All defendants are subject to the personal jurisdiction of this Court and are deemed to reside in this district under 28 USC 1391(c)(2).

## Statement of Facts

8.

Plaintiff is one of the largest recreational vehicle outlets in the southeast. Its principal place of business is in Hammond, Louisiana. Plaintiff has been doing business since 1984 and has expanded to three sales and service locations in Hammond, Louisiana; Breaux Bridge, Louisiana; and Defuniak Springs, Florida.

9.

Since at least 1996, Plaintiff has continuously used the mark "Dixie RV" to identify its business and market its products and services throughout the nation and world. Plaintiff has used its trade name for many years, in many states, and has invested considerable sums in building the goodwill now associated with that name.

10.

Plaintiff has for many years maintained a successful website—www.dixierv.com— and social media presence as adjuncts to its physical business locations. Plaintiff's website features a wide variety of recreational vehicles, both new and used, and ancillary products for recreational vehicles and camping, all which may be purchased by customers directly over the internet.

11.

Plaintiff has, by developing its website and other social media accounts, expended considerable sums of money to market its business and created an association of "fame" with its mark. Substantial time and effort of employees and agents of Plaintiff have also been expended in this marketing. Development of the website has involved creation of attractive displays and product descriptions, including text, graphics, and photographs, all to present Plaintiff's services in a favorable and desirable light.

12.

Plaintiff's internet website is a sophisticated and fully interactive site that allows customers to view new and use recreational vehicles and ancillary products for sale by Plaintiff, purchase them, and arrange

for payment and delivery throughout the website. Plaintiff's web-driven business accounts for a significant portion of its sales, and a portion of those sales are supplied by property located in Tangipahoa Parish.

13.

On September 2, 2014, the United States Patent and Trademark Office registered the mark "Dixie RV Superstores" on the Principal Register for International Classes 35 and 37. This mark bears registration number 4,596,414 and is owned by Plaintiff. Plaintiff has continuously used the mark in connection with its recreational vehicles sales and service, and the federal registration is live.

14.

According to Defendants' website, Defendants are engaged in the same business as Plaintiff, selling recreational vehicles and ancillary products from its location in Texas. Defendants also market recreational vehicles and ancillary products on the internet. Defendants' website is a sophisticated and fully interactive site that allows customers to view items for sale by Defendants, purchase them, and arrange for their payment and delivery through the website.

15.

Plaintiff and Defendants are major competitors in the recreational vehicle industry, competing in the same geographic area and targeting the same consumers.

16.

In September 2012, Defendants used the name "Dixie RV" in internet advertisements, through Google Adwords and Yahoo. Specifically, when searching the internet for "Dixie RV Hammond" through the Yahoo

search engine, the first ad title read, "Looking for Dixie RVs? – We're not just whistling Dixie! MHSRV.com/better-than-dixie." In 2012, not only did defendants use the "Dixie RV" trade name, but defendants were disparaging plaintiff's reputation.

17.

On September 28, 2012, counsel for plaintiff, Russell W. Rudolph, sent a cease and desist letter to Defendant Motor Home Specialist, L.P.'s registered agent for service of process, Robert Brake, who is also Defendants' general manager and chief operating officer. Plaintiff's counsel advised that "Dixie RV" is a protected trade name owned by Plaintiff, and use of that trade name in advertising constituted infringement under the laws of the states of Texas and Louisiana. Plaintiff's counsel further advised that Defendant's conduct constituted unfair competition under Texas law and unfair trade practices under Louisiana law.

18.

In response to that letter, Mr. Brake advised Mr. Rudolph via telephone that use of "Dixie RV" in internet advertising was the fault of a third party advertising company with which Defendants contracted, and he would take care of it.

19.

In September 2013, Defendants again used the name "Dixie RV" in internet advertisements, through Google Adwords and Yahoo. Specifically in 2013, when searching the internet for "Dixie RV Hammond," the first ad title read, "Looking for Dixie RVs? – We're not just whistling Dixie! MHSRV.com/better-than-dixie." Also, when searching the

internet for "Dixie RV Defuniak," the first tagline stated "Dixie RV Defuniak – We Ain't Just Whistling Dixie, www.mhsrv.com – (877) 528-7287."

20.

On September 6, 2013, Mr. Rudolph, sent another cease and desist letter to Mr. Brake. Plaintiff's counsel again advised that "Dixie RV" is a protected trade name owned by Plaintiff, and use of that trade name in advertising constituted infringement under the laws of the states of Texas and Louisiana. Plaintiff's counsel further advised that Defendant's conduct constituted unfair competition under Texas law and unfair trade practices under Louisiana law. In 2013, not only did Defendants use the "Dixie RV" trade name, but Defendants were again disparaging plaintiff's reputation.

21.

In September 2013, Mr. Brake advised Mr. Rudolph via telephone that use of "Dixie RV" in internet advertising was the fault of a third party advertising company with which Defendants contracted, and he would take care of it.

22.

On Thursday, April 9, 2015, Plaintiff's President, Stephen Guidry, conducted an internet search for "Dixie RV Hammond" and "Dixie RV Defuniak" using the Google search engine while at his desk in Hammond, Louisiana. In his search for "Dixie RV Hammond," the first entry displayed was "Dixie RV - We Ain't Just Whistling Dixie, www.mhsrv.com – (877) 528-7287." In his search for "Dixie RV

Defuniak," the first entry displayed was "Dixie RV Defuniak – We Ain't Just Whistling Dixie, www.mhsrv.com – (877) 528-7287."

23.

Defendants are again paying internet search engines, including Google, to use the trade name "Dixie RV" owned by Plaintiff and preparing advertisements with a mark deceptively similar to Plaintiff's registered service mark to market Defendants' recreational vehicle sales and service business and services, all in direct competition with Plaintiff.

24.

"Dixie RV" is a trade name continuously used in commerce by Plaintiff since at least 1996, and Defendants are deliberately infringing upon the intellectual property rights of Plaintiff.

25.

Defendants have a scheme to divert customers of Plaintiff's business to that of Defendants. The infringing use of "Dixie RV" is without consent of Plaintiff, and Defendants' unauthorized, illegal activity is damaging Plaintiff in its business and reputation through lost sales and diminution of goodwill and business reputation.

26.

The conduct of Defendants is deliberate and intentional and is specifically intended to enrich Defendants and harm and damage Plaintiff.

27.

Defendants' use "Dixie RV" is likely to cause confusion, mistake, and deceive third parties of the affiliation, connection, or association of Defendants with Plaintiff and as to whether or not Plaintiff has anything

to do with the origin, sponsorship, or approval of the services or other commercial activities of Defendants.

28.

The use by Defendants of "Dixie RV" to direct persons to their web-site www.mhsrv.com misrepresents the nature, characteristics, quali-ties, and/or geographic origin of Defendants' services and commercial activities. Defendants have willfully infringed upon Plaintiff's trade name and mark in the industry, which mark is distinctive and famous. The conduct of Defendants has occurred in, continues to occur in, and has caused damage to Plaintiff in this District and elsewhere.

### Count 1:
### Unfair Competition Based on Trademark Infringement and Misappropriation — Lanham Act Violations

29.

Plaintiff and Defendants are major competitors, both selling recrea-tional vehicles in the southern United States. During the entirety of its existence, Plaintiff has used the trade name and mark "Dixie RV" to market its services selling recreational vehicles to the general public and servicing them.

30.

"Dixie RV" is part of the "Dixie RV Superstores" registered mark owned by Plaintiff and registered with the United States Patent and Trademark Office. Defendant's use of Plaintiff's "Dixie RV" trade name is deceptively similar to Plaintiff's registered service mark "Dixie RV Superstores."

31.

Since Plaintiff and Defendants are competitors, Defendants are knowledgeable about the value of trade name and mark "Dixie RV" used to market Plaintiff's services, including the mark's value and notoriety. Defendants have also known since at least September 2012, that its use of Plaintiff's mark constitutes trademark infringement.

32.

Defendants' use of "Dixie RV" and their linkage of the mark to Defendants' website violates 15 USC 1114. Plaintiff is the registrant of the mark "Dixie RV Superstores," and Defendants has without the consent of Plaintiff used in commerce an imitation of that registered mark in connection with the sale, offering for sale, or advertising of goods and services provided by Defendants. Defendants have used the imitation "Dixie RV" in such a manner as is likely to cause confusion, mistake, or deceive.

33.

The "digits of confusion" illustrate a strong showing of the probability of confusion of origin that exists for customers or potential customers of Plaintiff. Specifically, the customers or potential customers are confused that the advertisement "Dixie RV - We Ain't Just Whistling Dixie" with a link to Defendants' website www.mhsrv.com and phone number (877) 528-7287 is associated or has a common origin with Plaintiff.

34.

In addition to being the registered owner of the mark "Dixie RV Superstores," Plaintiff has obtained common law rights in the service

mark "Dixie RV" by adopting the mark to identify its business and using it continuously in commerce for the past 20 years. The service mark is distinctive and strong, as "Dixie" is arbitrary and not suggestive, descriptive, or generic, providing Plaintiff with the greatest level of protection against infringement.

35.

The service similarity, outlet and purchaser identity, and advertising media identity factors point to the probability that current and potential customers of Plaintiff would be confused by Defendants' use of the s mark "Dixie RV" to direct consumers to its website and business. Plaintiff and Defendants directly compete with each other providing identical services (*i.e.,* sale and service of recreational vehicles). They target the same pool of end-user customers and potential customers and use the same types of advertising, including print advertisements in identical magazines and internet marketing.

36.

Defendants' intent in using Plaintiff's service mark was obviously to confuse consumers and divert business from Plaintiff to the Defendants' business. Plaintiff notified Defendants' employee / representative / affiliate in both 2012 and 2013 of the business's unauthorized use of and infringement upon Plaintiff's mark. Defendants' representative acknowledged the infringement both times, blaming the actions on a third party advertising company Defendants contracted with. However, in 2015, Defendants' employed the same methods by using Plaintiff's mark in its advertisements for its website and business, with the dis-

paraging catchphrase, "We Ain't Just Whistling Dixie," which obviously refers to Plaintiff.

37.

Upon information and belief, actual confusion exists as potential customers of Plaintiff have instead become customers of Defendants due to its illegal activities.

38.

Defendants' acts as aforesaid were committed knowing that the imitation was intended to cause confusion or mistake or to deceive.

39.

Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally under 15 USC 1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants' profits and the costs of the action, together with Plaintiff's attorney fees, or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount to fully compensate Plaintiff.

**Count 2:**
**Unfair Competition based on**
**Trademark Infringement — Unregistered Mark**

40.

Defendants have violated 15 USC 1125(a) in that they have, in connection with Defendants' services selling recreational vehicles, used the name "Dixie RV" which represents a false destination of origin and misrepresentation of fact likely to cause confusion or mistake and deceive

as to the affiliation, connection, or association of Defendants with Plaintiff, or which is likely to cause confusion or mistake as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the recreational services or commercial activities of Defendants.

41.

Defendants have similarly violated 15 USC 1125(a) in that their commercial advertising or promotion using "Dixie RV" misrepresents the nature, characteristics, qualities, and/or geographic origin of their recreational vehicle sales services and commercial activities.

42.

Plaintiff realleges that the "digits of confusion" illustrate a strong showing of the probability of confusion of origin that exists for customers or potential customers of Plaintiff, as more particularly described in Paragraphs 32-35 of this Complaint.

43.

Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally under 15 USC 1117(a). Damages include the actual damages sustained by Plaintiff, the Defendants' profits, treble damages, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff may recover damages in such sums as the court may find just according to the circumstances of the case.

## Count 3:
## Unfair Competition under Texas Law

44.

Texas law related to trademark infringement of both registered and unregistered marks and unfair competition parallels the actions in the Lanham Act. Plaintiff avers that Defendants sought to unfairly compete with Plaintiff by using "Dixie RV" in commerce when the mark was already in use by Plaintiff.

45.

Plaintiff is entitled to relief under Texas state law for Defendants' unlawful use of "Dixie RV" in that their commercial advertising or promotion using "Dixie RV" misrepresents the nature, characteristics, qualities, and/or geographic origin of their recreational vehicle products, services, and commercial activities.

46.

Defendants' illegal actions are contrary to honest practices in commercial matters and interfere with Plaintiff's ability to conducts its business.

## Count 4:
## Violation of Louisiana Unfair Trade Practices Act

47.

Plaintiff realleges all paragraphs of the Complaint. As set forth in the facts section above, Defendants engaged in unlawful unfair competition and deceptive trade acts and practices by using "Dixie RV" in commerce. Because of this use, Defendants violated the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq.*

48.

Plaintiff is entitled to compensation through the recovery of damages from Defendants jointly and severally, pursuant to Louisiana Unfair Trade Practices Act, La. R.S. 51:1408. Pursuant to La. R.S. 51:1409, Plaintiff is entitled to reasonable attorney fees along with any permanent injunction. In the alternative, Plaintiff is entitled to recover damages in such sums as the court may find just according to the circumstances of the case.

**Count Five:**
**Civil Conspiracy**

49.

Defendants entered into a civil conspiracy to unlawfully and unfairly to compete with Plaintiff and deprive Plaintiff of the benefit of Plaintiff's goodwill and reputation and the benefits Plaintiff derives from its use of the mark "Dixie RV." Despite prior cease and desist letters, Defendants have by their conduct unlawfully traded on the goodwill and reputation of Plaintiff and its service mark and trade name, damaging Plaintiff by way of lost profits and damage to the goodwill and reputation to Plaintiff, as well as infringement and dilution of Plaintiff's service mark "Dixie RV."

50.

Defendants are jointly and severally liable for damages incurred by Plaintiff. Defendants are further liable for the costs Plaintiff incurs in the prosecution of this action.

**Prayer for Relief**

Wherefore, Plaintiff prays that this court:

(1) Permanently enjoin the Defendants, their agents, officers, and employees from engaging in practices in violation of the law;

(2) Enter judgment in favor of Plaintiff against Defendants, jointly and severally, for all damages caused by Defendants and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action;

(3) Find that Defendants violated 15 USC 1114 and grant Plaintiff preliminary and permanent injunctive relief and damages pursuant to 15 USC 1117 comprising Defendants' profits, any damages sustained by Plaintiff, and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; and that the court, if elected by Plaintiff, award statutory damages against Defendants in an amount to fully compensate Plaintiff;

(4) Find that Defendants violated 15 USC 1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages under 15 USC 1117(a)(c) comprising Defendants' profits, any damages sustained by Plaintiff, and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; and that the court in the alternative award damages in such amount as the court in its discretion shall find to be just;

(5) Find that Defendants violated the Texas Unfair Competition Act and grant Plaintiff preliminary and permanent injunctive relief with such damages proven at trial, said amount to be trebled, if applicable, and that the court award Plaintiff its attorney fees and costs;

(6) Find that Defendants violated the Louisiana Unfair Trade Practices Act and grant Plaintiff preliminary and permanent injunctive relief with such damages proven at trial, and that the court award Plaintiff its attorney fees and costs;

(7) Find that Defendants engaged in a civil conspiracy and award Plaintiff damages in an amount proven at trial with costs of suit;

(8)  Award punitive damages;

(9)  Order Defendants to pay Plaintiff's costs and expenses and reasonable attorneys' fees as provided by law;

(10) Award pre-judgment interest as provided by law; and

(11) Award such other and further relief as it deems just and equitable in the premises.

Respectfully submitted this 20th day of April, 2015.

SEALE & ROSS, P.L.C

/s/   Georgia K. Thomas
Russell W. Rudolph  #19391
Glen R. Galbraith    #23807
Georgia K. Thomas  #27107
Jennifer A. Lee        #27726
200 North Cate Street
P. O. Drawer 699
Hammond, La 70404
(985) 542-8500
Fax (985) 542-4111
*Counsel for Plaintiff,*
*Dixie Motors, L.L.C.*