UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DIXIE MOTORS, L.L.C., d/b/a<br>DIXIE RV SUPERSTORES<br><br>VERSUS<br><br>MOTOR HOME SPECIALIST, L.P.;<br>MOTOR HOME SPECIALIST<br>MANAGEMENT, L.L.C. | CIVIL ACTION<br><br>NO.  15-1247<br><br>SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is the "Motion to Dismiss Amended Third-Party Demand for Lack of Personal Jurisdiction" (Rec. Doc. 58), filed by third-party defendant ONE Y7, LLC, d/b/a Yellow7 ("Yellow7").[1] Defendants and third-party plaintiffs Motor Home Specialist, LP and Motor Home Specialist Management, LLC (collectively, "Motor Home Specialist") oppose the motion. (*See* Rec. Doc. 60). Now, having reviewed the parties' submissions, the record, and applicable law, the Court denies the motion, finding that it has personal jurisdiction over Yellow7 due to its alleged intentional targeting of a Louisiana business and its customers.

---

[1] Yellow7 has filed two motions to dismiss for lack of personal jurisdiction. The instant motion (Rec. Doc. 58) is the second motion, filed after and in response to Motor Home Specialist's Amended Answer, Counterclaim, and Third-Party Demand (Rec. Doc. 57). Accordingly, the Court considers moot Yellow7's first motion to dismiss (Rec. Doc. 49).

## I. BACKGROUND

On a previous occasion in this trademark infringement action between competing sellers of recreational vehicles, the Court denied a Rule 12(b)(2) motion filed by Motor Home Specialist, located in Texas. (*See* Rec. Doc. 26). In doing so, the Court found that the Louisiana-based plaintiff, Dixie Motors, LLC ("Dixie Motors"), had made a prima facie showing of jurisdiction by alleging that it and its customers had been deliberately targeted in an online advertising campaign of Motor Home Specialist. The Court viewed the alleged use of Google Adwords by Motor Home Specialist to reroute online users searching for Dixie Motors as activity purposefully directed at Dixie Motors and hence the forum state of Louisiana. As a result of the deliberate conduct alleged, the Court concluded that Motor Home Specialist had minimum contacts with Louisiana and that the exercise of personal jurisdiction over the RV dealer was both fair and reasonable.

Now the Court confronts a similar Rule 12(b)(2) motion advanced by third-party defendant Yellow7, a marketing company in Texas whom Motor Home Specialist engaged to run its advertising campaign. Yellow7 faces claims for contribution, indemnity, and breach of contract raised by Motor Home Specialist, who alleges that Yellow7 was responsible for designing and implementing the offending advertisements. Yellow7 argues for dismissal on jurisdictional grounds, arguing that the Court should limit its analysis to only those contacts relevant to the cause of action for breach of contract.

## II. STANDARD OF REVIEW

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that personal jurisdiction exists. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When a court rules on this issue without a full evidentiary hearing,

plaintiffs need only make a prima facie showing of jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). In determining whether plaintiffs have made a prima facie showing of jurisdiction, the court accepts as true the allegations in the complaint, unless controverted by opposing affidavits, and resolves all factual conflicts in favor of the plaintiff. *Id.* In making its determination, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of ... recognized [discovery] methods." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

### III. LAW AND ANALYSIS

As it did before with regard to Motor Home Specialist, the Court analyzes Yellow7's forum contacts under the test articulated in *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002). In that case, the United States Court of Appeals for the Fifth Circuit held that, when evaluating whether the exercise of personal jurisdiction over a nonresident defendant comports with the Due Process Clause, the courts are to consider:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;
>
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone*, 310 F.3d at 379 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Here, Yellow7 contests jurisdiction under the second prong of the above test, that is, whether Motor Home Specialist's cause of action arises out of or results from Yellow7's forum-related contacts. Yellow7 bases its argument on section 33.013(d) of the Texas Civil Practice and

Remedies Code, which it reads as disavowing contribution as a cause of action. Once the contribution claim is removed from the equation, Yellow7 argues that the jurisdictional analysis should be confined to Motor Home Specialist's cause of action for breach of contract. It then cites a number of contract cases for the proposition that the only relevant inquiry that follows is whether the contract contemplates performance in the forum state.

The Court disagrees with Yellow7's approach, starting with its interpretation of section 33.013(d) of the Texas Civil Practice and Remedies Code. Titled "Amount of Liability," section 33.013 describes types of liability under Texas state law and contains a limiting subsection, which states "[t]his section [33.013] does not create a cause of action." Tex. Civ. Prac. & Rem. Code § 33.013(d). What subsection (d) does not do, however, is disavow contribution as a cause of action if sourced outside of section 33.013, and Yellow7 provides no precedent in support of a contrary interpretation. Furthermore, the fallacy of Yellow7's position is exposed by section 33.004, which expressly permits a defendant to join a "responsible third party" not sued by the plaintiff, as well as section 33.016, which entitles "[e]ach liable defendant . . . to contribution." Tex. Civ. Prac. & Rem. Code §§ 33.004 and 33.016. Finally, the case law supports the conclusion that a cause of action for contribution exists under Texas law. *See, e.g., Baird v. Bell Helicopter Textron*, 491 F. Supp. 1129, 1142 (N.D. Tex. 1980) ("One defendant may bring other potential defendants into a suit . . . for contribution purposes.").

Notwithstanding the above, even if the Court were to view the breach of contract claim as the only relevant cause of action, its consideration of contacts is not confined to whether the contract contemplated performance, or was executed, in the forum state. *See Burger King Corp.*, 471 U.S. at 478 ("The Court long ago rejected the notion that personal jurisdiction might turn on mechanical tests or on conceptualistic . . . theories of the place of contracting or performance.")

(internal citations and quotation marks omitted). While those factors can be relevant and even dispositive, a court is free to consider any forum-related contact from which the cause of action arose or resulted. *See id.* at 479 (Factors such as "prior negotiations and contemplated future consequences, along with terms of the contract and the parties' actual course of dealing" need be evaluated in the minimum contacts analysis.); *IntelliGender, LLC v. Soriano*, 2011 WL 903342 at *13-14 (E.D. Tex. March 15, 2011) (finding personal jurisdiction over indemnification action based on alleged harm to forum resident).

In this case, Motor Home Specialist's claim for breach of contract against Yellow7 results from the advertising campaign, in that if Motor Home Specialist is held liable to Dixie Motors, then it argues Yellow7 breached their agreement as to how the campaign should be conducted. Thus, the Court considers the advertising campaign a forum-related contact relevant not just to the claim for contribution, but for breach of contract as well.

As before, the Court remains convinced that the advertising campaign is a forum-related contact that satisfies due process concerns, on account of the allegation that it involved the intentional targeting of Dixie Motors in Louisiana.[2] And, having already considered the *Burger King* factors for fairness and reasonableness, the Court concludes that its exercise of specific jurisdiction here is constitutional. Ultimately, this finding is consistent with the Court's prior ruling and buttressed by the fact that Motor Home Specialist and Yellow7 both played a hand in the offending campaign, according to the Complaint and Amended Answer.

---

[2] To the extent Yellow7 argues that it was unaware of the location of Dixie Motors in Louisiana, that contention is disputed. For purposes of jurisdiction, factual conflicts are to be resolved in favor of the claimant, Motor Home Specialist. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Yellow7's Rule 12(b)(2) Motion to Dismiss (Rec. Doc. 58) is **DENIED.**

New Orleans, Louisiana, this 13th day of February 2016.

                                             **KURT D. ENGELHARDT**
                                             **United States District Judge**